IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BENCHMARK CONSTRUCTION, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SCHEINER COMMERCIAL GROUP, INC., a Colorado corporation, JOE SCHEINER, an individual, JAY SCHEINER, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STRIKE**<br><br>Case No.  2:12-cv-00762<br><br>Judge Clark Waddoups |

The court has considered the substance of Defendants' Motion to Strike Plaintiff's Amended Complaint filed October 24, 2012, or in the Alternative, Motion for a More Definite Statement [Dkt. No. 38] purportedly filed under Rule 8 of the Federal Rules of Civil Procedure. From a procedural perspective, Rule 8 outlines the requirements that govern the format of pleadings under the Federal Rules (though it specifically states that "[n]o technical form is required," Fed. R. Civ. P. 8(d)(1)) but does not itself provide for the filing of a motion to police its compliance. Such a motion must be filed under Rule 12 of the Federal Rules of Civil Procedure, either pursuant to Rule 12(e) or Rule 12(f)(2). Accordingly, the court now disposes of this motion under the framework of Rule 12(f)(2) of the Federal Rules of Civil Procedure.

Because the court treats Defendants' purported Rule 8 motion to strike portions of the Amended Complaint under Rule 12, as it must where Defendants are filing their motion in response to the Complaint, it finds as an initial matter that Plaintiff properly filed the Amended

1

Complaint under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure as it has a right to do in response to a motion made pursuant to Rule 12(b), (e), or (f). Accordingly, the court terminates Defendants' earlier Motion to Strike [Dkt. No. 23] as moot and finds Defendants' arguments that Plaintiff improperly filed its Amended Complaint to be without merit. The Amended Complaint [Dkt. No. 25] was properly filed.

However, the court accepts Defendants' arguments that the Amended Complaint in some respects falls short of the requirements of Rule 8, which requires that each allegation "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Specifically, the court strikes the "Introduction" section of narrative inserted after paragraph 12 of the Complaint. The Defendants' argument is well-taken that this unnumbered section of narrative, more similar in nature to an opening argument at trial than a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), is prolix and unnecessarily dramatic at this stage of the lawsuit. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

The court is conscious, however, of Plaintiff's need to comply with the heightened pleading standard required by Rule 9(b) of the Federal Rules of Civil Procedure relating to its fraudulent inducement claim as well as with the pleading standards clarified by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, aside from the modifications referred to above, the court declines to interject itself further into an assessment of the pleadings at this stage.

Plaintiff must now comply with the timing provisions of Rule 12 in filing its Amended Complaint striking the "Introduction" section.

## CONCLUSION

The court deems Defendants' Motion to Strike [Dkt. No. 23] as filed under Rule 12(f). Plaintiff's Amended Complaint [Dkt. No. 25] was therefore properly filed pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. As a result, the court hereby terminates Defendants' Motion to Strike [Dkt. No. 23] as MOOT.

The court also deems Defendants' Motion to Strike Plaintiff's Amended Complaint filed October 24, 2012, or in the Alternative, Motion for a More Definite Statement [Dkt. No. 38] as filed under Rule 12(f). The court GRANTS the motion [Dkt. No. 38] and orders Plaintiff to refile the Amended Complaint without the prolix narrative styled as an "Introduction" within the time allotted under Rule 12.

SO ORDERED this 26th day of March, 2013.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge