IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BENCHMARK CONSTRUCTION LLC,<br><br>Plaintiff,<br><br>v.<br><br>AUTO-OWNERS INSURANCE CO.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:12-CV-00762<br><br>Judge Clark Waddoups |

## I.   INTRODUCTION

On May 23, 2013, the court heard oral argument on the Motion for Summary Judgment (Dkt. No. 82) brought by Defendant Auto-Owners Insurance Company ("Auto-Owners") to dismiss Plaintiff Benchmark Construction, LLC's ("Benchmark") claims for implied-in-fact contract and unjust enrichment. The court has carefully reviewed the parties' submissions in support of and in opposition to Auto-Owners' motion and finds that Benchmark has proffered insufficient evidence to support its claim for implied-in-fact contract; the court therefore GRANTS Auto-Owners' Motion for Summary Judgment without prejudice on that claim. If Benchmark is able to proffer sufficient evidence to support its claim after adequate time for completion of discovery, Benchmark may, if it elects to do so, seek leave to amend its Complaint to include a claim for implied-in-fact contract. The court hereby DENIES Auto-Owners' Motion to Dismiss Benchmark's unjust enrichment claim for the reasons discussed below.

## II.     BACKGROUND

This case arises out of a contractual agreement between a contractor, Scheiner Commercial Group Inc. ("Scheiner") and a sub-contractor, Benchmark, for the construction of several retail stores at the City Creek Center Mall ("City Creek") located in Salt Lake City, Utah. Benchmark is a construction company based in Provo, Utah. Auto-Owners is an insurance provider incorporated in Michigan and is one of several parties being sued by Benchmark.

Benchmark was hired by Scheiner as a sub-contractor to perform construction work on several retail locations, including the retail store Sephora, which was under construction at City Creek. Auto-Owners provided flood damage insurance at the Sephora location.

On or around February 9, 2012, another contractor cracked a sprinkler head causing flood damage at Sephora. Plf.'s Am. Compl., 5 ¶ 29 (Dkt. No. 127). Benchmark alleges that on February 10, 2012, Kevin Hansen, an adjustor for Auto-Owners, inspected the site. That same day Benchmark sent a bid to Scheiner and Scheiner instructed it to begin work. Benchmark alleges that both Scheiner and Auto-Owners represented to it that it would be paid by Auto-Owners, but does not state who or when the representation was made. Benchmark further alleges that it completed repair of the flood damage and the Sephora store opened on time on March 22, 2012. Auto-Owners claims that only Scheiner represented to Benchmark that it should begin the repairs. Def.'s Mem. Supp. Mot. Summ. J. 8 (Dkt. No. 82).

In April 2012, Benchmark began asking for payment from Auto-Owners. In May, Auto-Owners requested copies of time sheets and material expenses and had discussions about the documentation required. Discussions continued between Benchmark and Auto-Owners through September 2012, including representations to Benchmark that it would be paid if it provided a

few more documents. Benchmark has never been paid. Farr Decl, 2/25/2013, ¶¶ 5-26 (Dkt. No. 104).

Auto-Owners contends that: (1) no contract existed between it and Benchmark, but that if an implied contract did exist, it must be between Scheiner and Benchmark; (2) Auto-Owners does not own Sephora and, therefore, was not unjustly enriched by the repairs; (3) Benchmark's claim is barred by the Statute of Frauds pursuant to Utah Code § 25-5-4(1)(b); and (4) promissory estoppel has not been pled. *See* Reply 2-6 (Dkt. No. 116). Benchmark, however, has not alleged claims under Utah Code § 25-5-4(1)(b) or for promissory estoppel against Auto-Owners and, accordingly, the court will not address those arguments.

### III. DISCUSSION

#### A. Summary Judgment Standard

A court must grant summary judgment when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2012). The moving party must first establish the absence of a genuine issue of material fact on elements as to which it is moving for summary judgment. *Celotex v. Cartrett*, 477 U.S. 317, 323 (1986); *Jensen v. Kimball*, 1 F.3d 1073, 1076-1077 (10th Cir. 1993). The facts and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. *Belhomme v. Widnall*, 127 F.3d 1214, 1216 (10th Cir. 1997).

After the moving party satisfies its burden, the burden then shifts to the non-moving party to point to specific material facts which show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting the pre-amended version of Rule 56(e)). The court must then determine whether there is a genuine issue of material fact that justifies trial, beyond a mere disagreement between the parties. *Id*. at 251.

### B. Implied-in-Fact Contract

A claim for breach of implied-in-fact contract requires: (1) the existence of an implied-in-fact contract; (2) mutual assent; and (3) failure by a defendant to comply with its terms. *Retherford v. AT&T Communications*, 844 P.2d 949, 967 (Utah 1992). To succeed on its motion for summary judgment, Auto-Owners must show that Benchmark cannot establish at least one of the required elements; the burden then shifts to Benchmark to identify evidence in the record to generate a genuine dispute as to any material fact. *Jensen*, 1 F.3d at 1076.

To be a genuine issue of material fact, there must be sufficient evidence from which a reasonable jury could find that each element of a claim has been met. *Ryan v. Dan's Food Stores, Inc.*, 972 P.2d 395, 401 (Utah 1998) (quoting *Sanderson v. First Sec. Leasing Co.*, 844 P.2d 303, 306 (Utah 1992)). The non-moving party must offer evidence that is admissible at trial or, if there is an objection, explain the admissible form of evidence it anticipates presenting at trial. Fed. R. Civ. P. 56(c). If the evidence of intent relied on by the non-moving party does not present triable issues of fact, the court may determine the existence of an implied-in-fact contract as a matter of law. *Cabaness v. Thomas*, 232 P.3d 486, 654 (Utah 2010).

Benchmark's evidence consists of: (1) a Declaration from Benchmark's owner, Joel Farrar; and (2) emails exchanged between the parties that contain requests for invoices prepared after the work was completed. Mindful of its obligation to view the facts in a light most favorably to Benchmark, the court finds that Benchmark has not met its burden to proffer sufficient evidence to create a genuine dispute of any material fact to support its implied-in-fact contract claim.

Benchmark's Declaration, in relevant parts, contains statements that are too vague to support a claim that Auto-Owners requested Benchmark to complete the work or that Benchmark

reasonably relied upon statements by Auto-Owners before it began the repairs. Benchmark fails to provide evidence of who from Auto-Owners asked it to proceed or when the representations were made to support an implied-in-fact contract claim. Benchmark has provided no other evidence regarding representations which would support its claim. At oral argument, Benchmark represented that an insurance adjustor, Kevin Hansen, made representations regarding Auto-Owners' obligation to pay for the work done at the site; it has provided no evidence, however, to support this claim. Benchmark also argues that in approximately February 2012, Auto-Owners and Scheiner represented that Auto-Owners would pay for the repairs. Benchmark fails, however, to state who made the statements. Benchmark argues that these representations are corroborated by requests for invoices made through emails and at a meeting with Benchmark. These requests, however, were made after, not before Benchmark began and completed the work. Plf.'s Opp. Mot. Summ. J., 7 ¶ 28-30; Decl. Joel Farrar 2 ¶ 14, attached as Ex. C. to Plf.'s Opp. Mot. Summ. J. (Dkt. No. 104). Conclusory, generic allegations that both Auto-Owners and Scheiner made representations that Benchmark would be paid for the repairs are insufficient to allow a jury to find that Benchmark had an implied-in-fact contract with Auto-Owners to complete the repairs.

Benchmark's evidence is not sufficient to establish a genuine issue of material facts to require trial by a fact-finder for resolution and, therefore, Auto-Owners' Motion for Summary Judgment regarding the implied-in-fact contract is GRANTED without prejudice. If Benchmark discovers sufficient evidence to create a genuine issue of material fact pursuant to Rule 56, it may then seek leave to amend its Complaint to include a claim for implied-in-fact contract.

### C. Unjust Enrichment

A claim for unjust enrichment in Utah requires proof of three elements: (1) a benefit

conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value. *Berrett v. Stevens*, 690 P.2d 553, 557 (Utah 1984). Unjust enrichment sounds in equity. *Rawlings v. Rawlings*, 240 P.3d 754 ¶ 29 (Utah 2010). It developed to remedy injustice when a remedy at law was unavailable. *Id*. As such, it must remain a flexible doctrine. *Id.* Auto-Owners' motion for summary judgment fails on Benchmark's unjust enrichment claim because: (1) Auto-Owners has accepted the benefit of repair work for which it had a duty to pay; (2) Auto-Owners has not paid for the work; and (3) Benchmark has proffered sufficient evidence to proceed on a claim for unjust enrichment.

Auto-Owners contends that it is entitled to summary judgment on Benchmark's unjust enrichment claim, arguing that Scheiner is the ultimate beneficiary for the unpaid work. Def.'s Mem. Supp. Mot. Summ. J. 8 (Dkt. No. 82). Benchmark answers that Auto-Owners, as the insurer, had an obligation to perform or pay for the repairs at the site. Plf.'s Opp. Mot. Summ. J. 5 (Dkt. No. 104). Since Benchmark performed the work, it conferred a benefit upon Auto-Owners which Auto-Owners would have had to pay for or perform on its own.

Based on Auto-Owners' request for invoices regarding the repair work, the fact-finder could infer that Auto Owners understood Benchmark was working on the repairs at Sephora. Since Auto-Owners is the insurance company which covered flood damage for the location, the evidence is sufficient for a fact-finder to find that Auto-Owners knew that Benchmark expected compensation. Furthermore, the evidence would support a finding that Auto-Owners understood its obligation to pay Benchmark because it requested invoices from Benchmark after the work had been completed. While Auto-Owners may have requested invoices and had discussions with

6

Benchmark about payment for some other reason, such as whether the repair work fell under the scope of its policy, the fact-finder may find from the evidence that Auto-Owners was acknowledging its obligation to pay for the work.

The declaration and emails proffered by Benchmark are sufficient to create a genuine dispute of material fact as to whether Auto-Owners realized a benefit from Benchmark's labor given an acknowledged duty to pay for the repairs at the site. Based on the meeting, invoices and emails exchanged between Benchmark and Auto-Owners, Auto-Owners knew of the benefit. As the insurer for flood damage to the store, Auto-Owners had a duty to cover the cost of the repair work.

This case is similar to *Emergency Physicians Integrated Care v. Salt Lake County,* 2007 UT 72, 167 P.3d 1080. In that case, Emergency Physicians Integrated Care ("EPIC") brought suit against Salt Lake County ("County") seeking compensation for the value of medical services it had provided to inmates held in the County jail. The County refused payment, claiming that the inmates, rather than the County, were the primary beneficiaries of the medical services. The Utah Supreme Court rejected that argument, finding that the County had a statutory duty to provide medical care to the inmates under subsection 1(c) of Utah Code Ann. § 17-50-319. *Id.* at ¶ 13. Because EPIC had performed a duty owed by the County, it had conferred a benefit on the County for which the County had refused to pay. The County was, therefore, unjustly enriched. The Court reasoned, "[w]hile the inmates also benefitted from the services provided by EPIC physicians, it is not an element [of unjust enrichment] that the benefit run exclusively to the party from which compensation is sought." *Id.* at ¶ 23.

Just as the County in *Emergency Physicians* was unjustly enriched by medical services provided to the inmates, Benchmark has provided sufficient evidence for a fact finder to

conclude that Auto-Owners was unjustly enriched by the repair services it had a duty to perform at Sephora. Auto-Owners argues that it was not unjustly enriched since it did not own the store and did not provide insurance to Benchmark. As the court held in *Emergency Physicians*, however, it is not an element of unjust enrichment that the benefit run solely to the party from which compensation is sought. Auto-Owners acknowledges that it insured the site and, therefore, had a duty to pay for the repair work performed at the location. By not having to perform or pay for the repair work at Sephora, Auto-Owners realized a benefit. Auto-Owners still had a duty, to its unidentified insured, to pay for the repair work. Benchmark's performance of the repairs satisfied the duty owed by Auto-Owners and relieved it of its obligation to its insured. Therefore, the court DENIES Auto-Owners' Motion for Summary Judgment and Benchmark is entitled to pursue its claim on the merits of the case.

## IV.   CONCLUSION

The court GRANTS Defendant's Motion for Summary Judgment (Dkt. No. 82) in part and DENIES it in part. The court GRANTS, without prejudice, Defendant's motion as to Plaintiff's implied-in-fact contract claims. The court DENIES Defendant's motion as to Plaintiff's unjust enrichment claims.

SO ORDERED this 9th day of July, 2013.

BY THE COURT:

_____
Clark Waddoups
United States District Judge